GARY L. HARRINGTON, D/B/A/ LANDIS AUTOMOTIVE, PLAINTIFF-APPELLEE v. RANDY A. OVERCASH, DEFENDANT, AND ROBERT BOONE, D/B/A SOUTHERN MOTORS, INTERVENING DEFENDANT-APPELLANT

No. 8219DC138

(Filed 19 April 1983)

Rules of Civil Procedure § 24— intervenor defendant—extent of participation in the action

In an action to perfect a statutory lien on a motor vehicle, an intervenor defendant could properly present evidence that plaintiff surrendered possession of the vehicle so that he lost his lien right so far as the intervenor defendant was concerned. G.S. 1A-1, Rule 24.

APPEAL by intervening defendant from *Montgomery, Judge.* Judgment entered 17 December 1981 in District Court, ROWAN County. Heard in the Court of Appeals 7 December 1982.

This action was commenced by plaintiff to perfect a statutory lien on a motor vehicle. The original defendant did not file an answer and the court entered a judgment for the plaintiff on 11 June 1981 which judgment authorized the plaintiff to sell the automobile by public sale pursuant to G.S. 44A-4(e)(3). On 23 September 1981 an order was entered allowing Robert Boone to intervene as a defendant and "have a right to defend in that lawsuit as if he had been originally made a party to the action."

The intervening defendant filed an answer in which he alleged that the plaintiff had lost his right to a lien by surrendering possession of the motor vehicle for a few days to the original defendant. The plaintiff filed a reply to the answer of the intervening defendant in which he denied that he had surrendered possession of the motor vehicle to the original defendant.

On 17 December 1981 a judgment was entered in which the court recited that "the Judgment entered on June 11, 1981 . . . is, proper, valid, and binding, and that the movant-intervenor, while having been allowed to intervene, is in no position, either in law or in fact, to change the directives of such Judgment." The court ordered that the intervening defendant "recover nothing of the plaintiff, and that the relief prayed for by intervenor-defendant is hereby denied." The intervening defendant appealed.

*Robert M. Critz for plaintiff appellee.*

*Davis and Corriher, by Thomas A. King, for intervening defendant appellant.*

WEBB, Judge.

The appellant was allowed to intervene pursuant to G.S. 1A-1, Rule 24 which provides in part:

"(a) Intervention of right. — Upon timely application anyone shall be permitted to intervene in an action:

. . . .

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The appellee has not cross-appealed or made an assignment of error to the order allowing the appellant to intervene. The question posed by this appeal is whether Robert Boone, having intervened, may present evidence that the plaintiff surrendered possession of the vehicle so that he lost his lien right so far as the intervening defendant is concerned. The original defendant may not contest as to himself the lien established by the plaintiff.

The parties have not cited any cases from this jurisdiction and we have not found a case dealing with the issue on this appeal. W. Shuford, N.C. Civil Practice and Procedure § 24-11 (1973), at page 212, says:

Rule 24 is silent as to the extent an intervenor may participate in the action once the court allows him in as a party. In view of the liberal philosophy of the rules as regards joinder and enlargement, anything less than full right of participation seems unduly restrictive and tends to defeat the important rules policy of avoiding multiplicity of actions. Once the intervenor becomes a party, he should be a party for all purposes.

We hold that the judgment of 11 June 1981 is not binding on the intervening defendant so that he may defend as to himself the plaintiff's claim of a lien on the vehicle.

The appellee argues that the judge met in chambers with the attorneys for the parties and after hearing from the appellant's attorney, determined that the appellant could not make his case. The appellee says this is the basis for the judgment. None of this appears in the record and we do not pass on it.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges HEDRICK and BECTON concur.